State v. Jones

---

STATE OF NORTH CAROLINA v. FRED JONES

No. 753SC287

(Filed 2 July 1975)

**Assault and Battery § 5— pointing gun at two officers — two assaults**
    There is no merit in defendant's contention that there was but one assault on police officers when defendant held a gun on two officers, and defendant was properly prosecuted on separate bills of indictment for two assaults.

APPEAL by defendant from *Browning, Judge.* Judgments entered 5 February 1975 in Superior Court, CARTERET County. Heard in the Court of Appeals 11 June 1975.

Defendant was charged in four separate bills of indictment with three counts of felonious assault with a firearm upon a police officer and one count of felonious assault with intent to kill upon one J. T. Brown. Of the three counts of felonious assault upon a police officer, two counts arise from the defendant's holding a gun on two officers. The fact that defendant was charged with two counts of assault for holding a gun on the officers, rather than one count of assault, is the basis of this appeal. At the close of the State's evidence, defendant's motion for nonsuit as to the charge of assault with intent to kill J. T. Brown was allowed. Defendant was found guilty of the other three charges. A sentence of four years on each count was imposed. The sentences are to run concurrently.

At 10:44 p.m. on 24 November 1974, officers Condie and Wilson arrived in separate police cars at 1303 Arendell Street in Morehead City. A man was lying on the porch of the house there. A chair was overturned, and the man was moaning. Condie and Wilson went to his aid and discovered that the man was "pure drunk." While they were kneeling over the man, Wilson heard someone say something. Defendant came out of the house pointing a shotgun at Wilson. Wilson nudged Condie, and Condie turned to face the defendant, who pointed the gun at him. Defendant also carried a butcher knife in his belt. He ordered Condie and Wilson to carry the drunken man into the house. They picked him up and put him on his feet in such a manner that the man shielded the officers from the defendant. While the defendant was trying to point the gun at them, Condie and Wilson jumped off the porch and sought cover. Wilson made his way to his patrol car and radioed for assistance. As Condie attempted to approach his car, defendant emerged from the house and shot at Condie's car. Condie resumed approaching the car when the defendant went back inside. However the defendant immediately reemerged and shot at Condie. Other men started to arrive about this time, and the defendant left 1303 Arendell Street. When he was later apprehended, defendant was carrying a loaded 12-gauge, double-barrel shotgun.

The defendant testified that he was carrying the gun and the knife as protection against some dogs he had anticipated encountering when he went to his brother's house earlier that day.

He arrived at 1303 Arendell Street at about 10:30 p.m. A drunken man was lying on the porch, and "the law" arrived to investigate. Defendant went to the porch. He carried his shotgun, loaded but opened. After some conversation, Condie and Wilson left. The defendant thought he saw someone lurking around the house, so he fired his gun in the air. He then walked about seven or eight blocks away to another house where the officers found him. Defendant testified that when he was called out of the house by loudspeaker, he came out carrying the opened gun. Defendant dropped the gun and sat down on the steps where "fifteen or twenty of them jumped on top of me. . . ."

Attorney General Edmisten, by Associate Attorney Wilton E. Ragland, Jr., for the State.

Wheatly & Mason, by L. Patten Mason, for the defendant-appellant.

BROCK, Chief Judge.

This appeal presents two issues for our resolution. First, defendant argues that it was error to allow him to be prosecuted on two separate bills of indictment charging assault on Condie and Wilson; defendant contends there was but one assault on the officers. Second, defendant argues that the trial judge violated G.S. 1-180 in charging the jury.

Defendant bases his first argument on *State v. Ballard*, 280 N.C. 479, 186 S.E. 2d 372 (1972), and *State v. Potter*, 285 N.C. 238, 204 S.E. 2d 649 (1974). *Ballard* involved a double jeopardy issue. The defendant robbed an A & P store and went to trial on an indictment charging him with armed robbery by threatening the life of, and taking $1,501.17 from, one Kane Parsons. Parsons was an employee of the A & P; the money actually had been taken from two other employees, Britt and Smith. Nonsuit was allowed for variance between the indictment and proof. A second trial was held on a new indictment in all respects the same as the first except it alleged that the lives of Britt and Smith were endangered and that the $1,501.17 was taken from Britt and Smith. The defendant was convicted, and the Supreme Court reversed, holding that the nonsuit at the first trial precluded further prosecution.

In *Potter* defendant was charged in one indictment with the armed robbery of $265.00 from one Hall. A second indictment charged defendant with the armed robbery of $265.00

from one Harrell. Hall and Harrell were employees of a store; the money ($265.00) belonged to their employer, not them. Citing *Ballard,* the Court stated:

> "Although double jeopardy and collateral estoppel are not directly involved in the present case . . . when the lives of all employees in a store are threatened and endangered by the use or threatened use of a firearm incident to the theft of their employer's money or property, a single robbery with firearms is committed." 285 N.C. at 253.

The Court ordered not only that the two verdicts were to be considered the same as a single verdict of guilty of armed robbery, but also that the judgments were to be considered as if a single judgment had been pronounced.

In our opinion defendant's first argument is untenable. This case is not analogous to the violations of G.S. 14-87, discussed in *Ballard* and *Potter,* wherein the money of one business enterprise is taken, albeit the money is taken from more than one employee. Here we think it clear that there were at least three separate assaults upon police officers: Condie was assaulted when defendant fired at him, and both he and Wilson were assaulted when defendant held his gun on each of them. Defendant's argument, although novel, is inapplicable to this kind of situation. Had both Condie and Wilson been shot and killed by defendant, we would not be sympathetic to an argument that only one murder took place. Furthermore the sentences for the assaults on officers Condie and Wilson are specified to run concurrently with the sentence for the second assault on Condie. There is no dispute over defendant's conviction on this latter charge. We fail to see a practical reason for defendant's efforts to contest the convictions concerning which he has appealed.

Defendant's second argument challenges certain portions of the trial court's instructions to the jury. We have read the entire charge and are of the opinion that the charge both ably stated the law and applied that law to the facts.

No error.

Judges PARKER and ARNOLD concur.